MARY PAGE *vs.* CHRISTOPHER J. VANDEGRIFT.

Liability of the captain of a steamboat for carrying a slave out of the State.

THIS was an action under the statute of January 19, 1826, against the defendant, as captain of the Seamboat Zephyr, for carrying out of the State the plaintiff's slave.

The declaration set forth that, whereas, the plaintiff, on the 26th of October, 1848, was possessed of a negro slave named William, as of her own proper slave, and by reason of the service of the said negro slave, the said plaintiff had received great benefit and advantage; nevertheless, the said defendant, the captain or commander of the Zephyr, did, on the 26th of October, in the year aforesaid, carry and transport by water, out of this State, in the said vessel or steamboat, the said negro slave, William, against the form and provisions of an act of the General Assembly of the State of Delaware, in such case made and provided; whereby and by force of the said act, an action has accrued to the said plaintiff to demand and have the sum of five hundred dollars from the said defendant; nevertheless the said defendant (although often requested) to pay the same, has refused, &c., to the damage &c., $1,000.

It appeared from the evidence that the boy in this case, if carried off by the defendant, was carried off without his knowledge, the boy having skulked on board and hid himself from the knowledge and observation of the captain and crew; and

*Mr. Bayard*, for defendant, made the points—1. That it was necessary for the plaintiff to have alledged and proved that she was a citizen or inhabitant of this State; or, being an inhabitant of another State, that this should be alledged and proved, and that the slave was a fugitive from labor.

2. That though under this act it may not be necessary to prove that the captain had knowledge that the colored person carried out was a slave, it was necessary to prove that he had knowledge or the means of knowledge, that he *was* carrying the *person* out of the State; that he could not be said to carry a person out without knowing or having the means of knowing that he was doing it.

*The Court* charged—1. That the intention of the act was to protect slave property, and to prevent it being carried off. Though it may be harsh or impolitic, the question for the court was, what is the law? Plaintiff must prove that William Clensy was the slave of Mary Page; that Mary Page was a citizen or an inhabitant of this State; that the defendant was captain of the boat; and that he carried off the slave. Proof of having an individual in possession, with the reputation of a slave, and rendering service as a slave, is sufficient evidence in this proceeding, that he is a slave. If the plaintiff was a resident of New Castle county, it was sufficient proof of the citizenship or habitancy; the fact that defendant was captain of the boat being proved, the remaining question was whether he carried the boy, William Clensy out of the State.

It ought to be shown that Captain Vandegrift had the means of knowledge that the boy was on board. If boxed up as merchandize, he could not be liable; but if the boy went on board as a passenger, the captain was bound to know every body on board, and is liable.

There was a verdict and judgment for plaintiff; and the judgment was afterwards reversed by the Court of Errors and Appeals, on a point of pleading, not involving any point ruled in the charge.

*J. H. Rogers*, for plaintiff.

*J. A. Bayard*, for defendant.